IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES H. OPPLIGER and GAYLE OPPLIGER, | ) ) ) | |
| Plaintiffs, | ) ) | 8:06CV750 |
| vs. | ) ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |
| and | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | 8:08CV530 |
| vs. | ) ) | ORDER |
| JAMES H. OPPLIGER and GAYLE OPPLIGER, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Unopposed Motion to Consolidate Action and to Enter a New Progression Order (Filing No. 33, in case 8:06CV750). The parties state these two cases, filed separately, are related. Both *James H. Oppliger, et al. v. United States of America*, 8:06CV750, and *United States of America v. James H. Oppliger, et al.*, 8:08CV530, arise from IRS employment tax assessments during nearly identical time periods. The earlier case relates to assessments made against to Livestock Feed Company, LLC, while the later case relates to assessments made against Double O, Inc. Both companies are large trucking companies owned by James Oppliger and Gayle Oppliger and operated from the same location. The named parties in both cases are the same.

The court has reviewed the filings in both cases and it appears the cases may be consolidated, pursuant to Fed. R. Civ. P. 42(a), as both cases arise out of the same set of facts and are subject to the same legal standards. See *EEOC v. HBE Corp.*, 135 F.3d

543, 551 (8th Cir. 1998). As proposed by the parties, an amended progression will be issued after receipt of a supplemental Fed. R. Civ. P. 26(f) report filed by the parties and a telephone scheduling conference with the court. Upon consideration,

**IT IS ORDERED:**

1. *James H. Oppliger, et al. v. United States of America*, 8:06CV750, and *United States of America v. James H. Oppliger, et al.*, 8:08CV530 are hereby consolidated for all purposes.

2. Counsel shall conduct discovery as if these consolidated cases are part of a single case. All future filings shall contain the consolidated case caption, which appears on this order, and shall be served on counsel in both cases as described below.

3. Case No. 8:06CV750 is hereby designated as the "Lead Case." Case No. 8:08CV530 is hereby designated as the "Member Case."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except those described in paragraph 5) in the Lead Case, No. 8:06CV750, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes that an item in addition to those described in paragraph 5 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. A telephone conference with the undersigned magistrate judge will be held on **February 6, 2009, at 9:30 a.m.** for the purpose of reviewing the preparation of the case to date and the scheduling of the case to trial. Counsel for the United States of America

shall initiate the call.  The parties shall file a joint supplemental Rule 26(f) report no later than one working day prior to the telephone conference.

DATED this 17th day of December, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge